UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISH NETWORK, L.L.C. *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SONICVIEW USA, INC. *et al.*, <br><br> Defendants. | Civil No. 09cv1553-L(NLS) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' EX PARTE APPLICATION TO SEAL** |

On August 14, 2009 Plaintiffs filed a motion for a preliminary injunction and an ex parte application to seal certain documents filed in support of the preliminary injunction motion. Plaintiffs request to seal references to confidential informants from their moving papers and to seal in its entirety the report of their expert Nigel Jones, attached as Exhibit 6 to Declaration of Clayton D. Craighead in Support of Motion for Preliminary Injunction. On August 17, 2009 the court ordered Plaintiffs to provide supplemental briefing. Upon consideration of Plaintiffs' ex parte application and supplemental briefing, and for reasons stated below, the ex parte application is **GRANTED IN PART AND DENIED IN PART**.

Based on the "strong presumption of access to judicial records," the parties requesting to seal judicial records pertaining to dispositive motions bear the burden of overcoming the presumption by meeting the "compelling reasons" standard. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006); Pintos v. Pac. Creditors Ass'n, 565 F.3d 1106, 1115 (9th Cir. 2009). An order on a motion for a preliminary injunction directly addresses the

merits of the action and seeks injunctive relief before trial. Motions for injunctive relief are recognized as dispositive in other contexts. See 28 U.S.C. § 636(b)(1). Accordingly, Plaintiffs' motion for a preliminary injunction is dispositive for purposes of sealing court records. (*See also* discussion in the Jul. 23, 2009 order at 8-10.) "Under the 'compelling reasons' standard, a district court must weigh relevant factors, base its decision on a compelling reason, and articulate a factual basis for its ruling without relying on hypothesis or conjecture." Pintos, 565 F.3d at 1116 (internal quotation marks, ellipsis, footnote, and citation omitted). "Relevant factors include the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Id. at 1116 n.6 (internal quotation marks and citation omitted).

With respect to the expert report of Nigel Jones, the compelling reasons include:

1) The Expert Report's descriptions of Defendants' products could serve as a blueprint for others to design similar products to circumvent DISH Network's security system enabling more individuals to steal DISH Network programming;

2) Public disclosure could result in improper use of the material for scandalous and infringing purposes if individuals use the report to design products similar to Defendants' for the purpose of stealing DISH Network programming; and

3) The moving papers describe in less detail the infringing nature of the devices and software but provide sufficient information to enable public understanding of the judicial process without the need to make public the detailed technical explanations contained in the report.

However, these reasons do not apply to the report in its entirety. Plaintiffs conceded in their supplemental briefing that no compelling reason exists to seal the cover page, Paragraphs 1 though 5, 8 and 9 (pages 2-10, 112 & 113), as well as Appendices A through C (pages 114-121).

Based on the facts discussed in the order filed July 23, 2009, Plaintiffs presented compelling reasons to redact the names of confidential informants from their motion papers. Those compelling reasons include:

/ / / / /

1) Disclosure of the confidential informants' names would put their lives and safety at

1  risk;

2      2)    Disclosure would jeopardize ongoing piracy investigations; and

3      3)    Disclosure serves no important public purpose because the other declarations and briefs related to the merits of Plaintiffs' Motion for Preliminary Injunction are sufficient to put the motion and the court's ruling in context sufficiently to serve the public interest in understanding the judicial process.

For the reasons stated above, Plaintiffs' ex parte application to seal is **GRANTED IN PART AND DENIED IN PART**. The motion is **DENIED** with respect to the cover page, Paragraphs 1 though 5, 8 and 9 (pages 2-10, 112 & 113), as well as Appendices A through C (pages 114-121) of Nigel Jones' expert report. The motion is **GRANTED** in all other respects. No later than **August 25, 2009** Plaintiffs shall file a Supplemental Declaration of Clayton D. Craighead in Support of Motion for Preliminary Injunction, attaching Nigel Jones' expert report redacted in accordance with this order.

The Clerk is hereby directed to file under seal (1) the unredacted version of Plaintiffs' *Ex Parte* Motion to Seal Nigel Jones' Expert Report and Redact Confidential Informant Names; (2) the unredacted version of Plaintiffs' Motion for Preliminary Injunction; (3) the unredacted version of the Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Injunction; (4) the unredacted version of Request for Judicial Notice in Support of Plaintiffs' Motion for Preliminary Injunction; and (5) the unredacted version of Declaration of Clayton D. Craighead in Support of Motion for Preliminary Injunction.

**IT IS SO ORDERED**.

DATED: August 20, 2009

                                          M. James Lorenz
                                          United States District Court Judge