1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISH NETWORK L.L.C., a Colorado Limited Liability Company, ECHOSTAR TECHNOLOGIES L.L.C, a Texas Limited Liability Company, and NAGRASTAR L.L.C., a Colorado Limited Liability Company,<br><br>      Plaintiff,<br>v.<br><br>SONICVIEW USA, INC., a California Corporation, SONICVIEWRA LLC, a California Limited Liability Company, ROBERTO SANZ, individually, DONTPAY4TV, LLC, a California Limited Liability Company, DUANE BERNARD, individually, COURTNEY BERNARD, individually, and DOES 1-50,<br><br>      Defendants. | Civil No. 09cv1553 L (NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DE-DESIGNATE PLAINTIFFS' PRELIMINARY INJUNCTION SUBMISSIONS FROM "ATTORNEYS-EYES-ONLY" TO "CONFIDENTIAL"**<br><br>[Doc. No. 47] |

  Defendants Sonicview USA, Sonicviewra, Sonicviewsa, DontPay4TV, Roberto Sanz, Duane Bernard and Courtney Bernard (collectively, "Defendants") move this court to order that Plaintiffs Dish Network, Echostar Technologies and Nagrastar (collectively, "Plaintiffs") de-designate some of their filings in support of their motion for preliminary injunction from "Attorneys Eyes Only" (AEO) to "Confidential." For the following reasons, the court **GRANTS in part and DENIES in part** Defendants' motion to de-designate.

/ / /

**Relevant Background.**

Plaintiffs filed a complaint on July 17, 2009 alleging that Defendants engage in the unlawful manufacture, distribution and trafficking of "devices, components and technologies intended to facilitate the illegal and unauthorized reception and decryption of Dish Network's satellite television programming." Compl. ¶ 1. The same day, Plaintiffs filed a redacted ex parte motion for a temporary restraining order to enjoin Defendants from engaging in alleged satellite television piracy activities and for a seizure order directing the U.S. Marshal to seize Defendants' records, inventory and alleged related piracy material. Plaintiffs also asked the court to temporarily seal the case. They did not serve Defendants with the complaint or ex parte papers.

The court denied the TRO and seizure request "[b]ecause Plaintiffs failed to establish that Defendants are likely to ignore court orders or destroy evidence if given notice of this litigation." July 23 Order, p.2. It also denied Plaintiffs' request to seal the entire case. Instead, the court sealed the confidential informants' declarations because revealing their identities would jeopardize the success of Plaintiffs' investigations and subject the informants to threats of physical harm. *Id*. at 10.

Plaintiffs served all Defendants with the complaint between July 27 and July 30, 2009. Together, the parties moved for entry of a protective order. Judge Stormes entered the stipulated protective order (SPO) on August 14, 2009. That same day, Plaintiffs filed a motion for a preliminary injunction with Judge Lorenz. The motion was set for hearing October 26, 2009. Plaintiffs also applied to seal Nigel Jones' expert report and redact the names of the confidential informants. The court ordered the parties to provide supplemental briefing on why the expert report should be sealed in its entirety. On August 20, 2009, the court ordered sealed the names of the confidential informants and certain excerpts of the expert report.

On September 20, 2007, Defendants filed a motion to dismiss certain counts in the complaint in lieu of an answer. On October 7, 2009--less than a week before their opposition to the preliminary injunction motion was due--Defendants filed this motion with Judge Lorenz to de-designate Plaintiffs' un-redacted preliminary injunction papers from AEO to Confidential, under the SPO. Defendants also moved to extend the time to file their opposition to the preliminary injunction motion to 45 days after the court rules on the motion for de-designation. Judge Lorenz referred the motion to de-designate

under the SPO to Judge Stormes. He also granted Defendants an extension of time to oppose the preliminary injunction motion. That opposition is due two weeks after the date of this order.

**Stipulated Protective Order.**

The SPO makes these designations for "Confidential" and "Confidential--Attorney's Eyes Only" documents.

> Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, *the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party*.
>
> Any party may designate information as "HIGHLY CONFIDENTIAL--ATTORNEY'S EYES ONLY" only if, in the good faith belief of such party and its counsel, *the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information*.

SPO ¶ 4 (emphasis added).

Information designated "Confidential" may only be viewed by: counsel of the receiving party, independent experts, and executives, directors or in-house counsel who participate in policy decisions regarding this action, parties' technical personnel to prepare for trial in this matter, stenographic and clerical employees, and witnesses, to whom disclosure is reasonably necessary during their depositions, so long as these people read the SPO and execute an Agreement to be bound by the SPO. SPO ¶ 9. AEO information can only be viewed by counsel for the receiving party and independent experts.

For those individuals who agree to be bound by the SPO, they: (1) promise to only use the Confidential information to assist counsel in this litigation; (2) promise to not disclose or discuss the Confidential information to any unauthorized persons; (3) acknowledge that they are subjecting themselves to the jurisdiction of this court for enforcement of the SPO; and (4) understand that disclosure or use of the Confidential information may subject them to sanctions for contempt of court. SPO, Agreement to be Bound by Protective Order.

**Confidential Informant Names.**

Defendants first ask the court to order the un-redacted preliminary injunction motion papers and supporting declarations that reveal the confidential informants' names re-designated as Confidential under the SPO. They argue that under the current AEO designation, Defendants themselves cannot

examine the documents in order to defend against Plaintiffs' allegations.  Second, Defendants seek to amend the SPO to allow the sharing of Confidential information with implicated third parties, who would agree to be bound by the SPO.  Plaintiffs say they are willing to re-designate the documents as Confidential under these conditions:  (1) each Defendant provides Plaintiffs with a signed acknowledgment form under the SPO and agrees to be bound by its terms; and (2) Defendants agree, through a signed verification, to contact the confidential informants only through their counsel and not to threaten, harass or intimidate the informants directly or indirectly.  Opp'n, pp.3, 7.  Plaintiffs also argue that the Confidential information should not be shared with unidentified third parties.

Under Rule 26(c), the "party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted."  *Foltz v. State Farm Mut. Aut. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (citations omitted).  To meet this burden Plaintiffs must demonstrate that *specific* harm or prejudice will result from disclosure of the documents, as "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule 26(c) test."  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotations omitted).  After Plaintiffs meet their burden of showing the particularized harm that will come from disclosure, the court then must balance the interests to decide whether protection is warranted.  *Phillips v. Gen. Motors*, 307 F.3d 1206, 1211 (9th Cir. 2002).

Here, Plaintiffs explain that some of the confidential informants Plaintiffs have worked with have been harassed and intimidated, and provided specific examples of those in-person threats.  Gee Decl. ¶¶ 15-18.  They assert that if the names of the confidential informants are revealed to Defendants, Plaintiffs will suffer specific harm and prejudice.  Plaintiffs rely on the cooperation and testimony of those informants to discover and identify the individuals and entities that engage in the piracy of Dish Network's programming.  *Id.* ¶¶ 13-14, 19.  If the confidential informants are harassed and intimidated, Plaintiffs will not be able to rely on their cooperation.  *Id.*  Without their cooperation, Plaintiffs' business may be threatened because they will not be able to fully engage in their anti-piracy efforts.  *Id.*

The court finds that Plaintiffs' assertions of harm and prejudice are not specific enough to warrant an AEO designation of the names of the confidential informants.  First, while the court is alarmed by the assertions of harassment and intimidation in the Gee Declaration, those assertions are

based on hearsay, as no confidential informant made a declaration detailing the threats.  Further, nothing in the declaration ties the identified threats to the Defendants or to the facts of this case.  Second, the assertion that *Plaintiffs* will certainly suffer harm and prejudice to their business based on the threats to the informants is a little attenuated.  In the Gee Declaration it seems that despite the past threats to the confidential informants, those informants have continued to cooperate with Plaintiffs.  The court does not have enough information, then, to determine that Plaintiffs will suffer because they will lose the cooperation of those informants.  Even if those informants ultimately decide to no longer cooperate, Plaintiffs do not assert that they will have trouble finding other informants.  Finally, Defendants do not ask that the information be made public, but rather, be re-designated as Confidential so that Defendants themselves can see what is alleged against them.

Based on the lack of showing specific harm and the limited disclosure of the names of the confidential informants as specified in the SPO, the court **GRANTS in part** Defendants' motion, so that the names of the confidential informants shall be re-designated from AEO to Confidential.  The court notes that Defendants will each have to execute an Agreement to be bound by the SPO.  The court denies Plaintiffs' request that Defendants execute a separate verification confirming that they would contact the confidential informants only through their counsel and agree not to threaten, harass or intimidate the informants directly or indirectly, because the Agreement in the SPO already contemplates those restrictions.  Per the Agreement, because the names of the confidential informants are designated Confidential, Defendants may only directly discuss those names with their counsel, the executives, directors or in-house counsel for Defendants, and technical, stenographic and clerical employees.[1]  Further, because the Defendants will promise to use the names of the confidential informants "only to assist counsel in the litigation of this matter[,]" they shall not contact the confidential informants except through their counsel.  Finally, Defendants are already subject to the jurisdiction of this court and shall be subject to sanctions if they fail to comply with any aspect of any order, including the SPO.[2]

---

[1] While the executives, directors and in-house counsel for Plaintiffs may also discuss the names of the informants, any such discussion with Defendants would have to take place through Plaintiffs' counsel.  Any discussion with deposition witnesses would also be through counsel.

[2] In addition, any attempt to threaten or intimidate witnesses in this action would potentially rise to the level of a criminal act.

Regarding Defendants' request that paragraph 9 of the SPO be amended to allow disclosure to unidentified third parties who may be implicated in Plaintiffs' allegations, the court denies that request. Plaintiffs offered to discuss this request with Defendants and asked for a proposed list of third parties with whom Defendants wished to share the information. Defendants did not provide Plaintiffs with that list. Neither have Defendants included any information about those proposed third parties in their motion. The court will not amend the SPO without more information about who might be privy to the Confidential information and why. The court, therefore, **DENIES in part** Defendants' motion with respect to amending paragraph 9 to add third parties.

**Nigel Jones Expert Report.**

Defendants ask that Plaintiffs re-designate Nigel Jones' expert report from AEO to Confidential. Plaintiffs say they designated Jones' expert report as AEO because its technical contents could serve as a blueprint for Defendants or others to develop or improve pirate devices to facilitate the piracy of Plaintiffs' programming. But in the opposition, Plaintiffs state that under paragraph 9 of the SPO--which only applies to information designated "Confidential"--"Defendants would be permitted to view the entire, unredacted expert report if they simply sign the acknowledgment form attached to the SPO." Opp'n, p.7. Plaintiffs explain that they offered to make the expert report confidential so that Defendants themselves could review it so long as they execute an agreement to abide by the SPO, but that Defendants failed to respond to that offer or provide the required acknowledgment forms.

Based on Plaintiffs' willingness to re-designate Nigel Jones' expert report as Confidential, the court **DENIES as moot** Defendants' motion to re-designate the expert report. Plaintiffs shall re-designate the report as Confidential and Defendants may review the report, in accordance with paragraph 9 of the SPO.

**IT IS SO ORDERED.**

DATED: November 4, 2009

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court