UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DISH NETWORK, L.L.C. *et al.* | ) | Civil No. 09cv1553-L(WVG) |
| Plaintiffs, | ) ) | **ORDER DENYING DEFENDANTS'** |
| v. | ) ) | **MOTION TO DISMISS COUNTS I AND III OF THE COMPLAINT** |
| SONICVIEW USA, INC. *et al.*, | ) ) | |
| Defendants. | ) ) | |

In this action for violation of the Digital Millennium Copyright Act and Communications Act, Plaintiffs, who operate a satellite television system, alleged that Defendants are heavily involved in the manufacture and distribution of hardware and software used to intercept and steal DISH Network's encrypted satellite signal. Defendants filed a motion to dismiss Counts I and III of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons which follow, Defendants' motion is **DENIED**.

A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted). In reviewing a motion to

dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

Defendants argue that Plaintiffs as a matter of law cannot state a claim in Count III of the complaint for violation of the Communications Act, 47 U.S.C. Section 605(a), because the statute does not apply to direct-to-home satellite programming. Contrary to Defendants' argument, section 605(a) applies to this type of programming. *DirecTV, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008). Accordingly, Defendants' argument is rejected.

For the first time in the reply brief, Defendants argue that Count III should be dismissed because section 605(a) does not apply to manufacturers, importers or distributors like Defendants, Plaintiffs failed to plead the required elements of a section 605(a) violation, and Plaintiffs' allegations regarding interception of satellite signals are implausible and unreasonably speculative. Because these issues were raised for the first time in the reply, Plaintiffs did not have an opportunity to address them. Parties should not raise new issues for the first time in their reply briefs. *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir, 1990). The Court therefore declines to address these issues at this time. Defendants may raise them in an appropriate motion and give Plaintiffs an opportunity to respond.

Without deciding, the Court also notes that with respect to Defendants' contention that the claim is inadequately alleged, the Court has found, based on evidence, that Plaintiffs were likely to prevail on the merits of this claim. (*See* Order Granting Plaintiffs' Motion for Preliminary Injunction filed March 29, 2010 ("Preliminary Injunction Order").) Because Defendants had a full opportunity to review the same evidence and respond to it, it seems futile to raise adequacy of pleading issues at this stage of the case.

/ / / / /

Defendants also maintain that Plaintiffs inadequately alleged Count I for circumventing a technological measure to control access to programming in violation of the Digital Millennium Copyright Act, 17 U.S.C. Section 1201(a)(1).  They argue that the only factual allegation of the circumvention is that Defendants  "test" 8PSK Turbo Boards prior to distribution and that the testing necessarily involves testing whether the board, working together with Defendants' pirate software and receiver, successfully circumvents DISH Network's security measures so as to enable viewing of DISH Network's programming.  Plaintiffs allege that such testing itself necessarily involves circumventing the security measures. (Compl. at 15.)  Defendants argue that "testing" could mean any kind of testing, including checking for electrical resistance, etc. and that inferring circumvention of Plaintiffs' security measures is unreasonable and unsupported.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). This standard "'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' to prove [the] claim." *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), quoting *Bell Atl. Corp.*, 550 U.S. at 556.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

Defendants erroneously base their argument on the premise that the only allegations in support of Count I are alleged in Count I.  Plaintiffs incorporated by reference other allegations regarding Defendants' extensive involvement in satellite programming piracy, including distribution of devices whose only plausible purpose is satellite programming piracy, and that 8PSK Turbo Boards were designed and distributed to be used for this purpose.

/ / / / /

However, the Court need not rely only on its experience and common sense to determine whether Plaintiffs have alleged sufficient facts to raise a reasonable expectation that discovery will reveal evidence to prove their claim. Both sides presented evidence in support of and in opposition to Plaintiffs' motion for a preliminary injunction. At that time, Plaintiffs presented sufficient evidence to show they were likely to prevail on the merits of Count II, violation of 17 U.S.C. Section 1201(a)(2), which prohibits, among other things, distributing any technology, product or device that is primarily designed or produced for the purpose of circumventing a technological measure that effectively controls access to, in this case, encrypted satellite signals, or has only limited commercially significant purpose or use other than piracy. (*See* Preliminary Injunction Order.) Moreover, Defendants did not oppose the preliminary injunction prohibiting them from designing, manufacturing, developing, trafficking, selling and marketing 8PSK Turbo Boards. (*See id*. at 2-3.)

If this case were at the summary judgment or trial stage rather than pleading stage, circumstantial evidence could be used to prove Defendants intercepted Plaintiffs' encrypted satellite signals. *See Webb*, 545 F.3d at 844 ("direct evidence of signal piracy is not required to prove unlawful interception"). While mere possession of devices capable of interception may be insufficient, *id*., Plaintiffs alleged and produced evidence of much more than mere possession. They showed Defendants' actual involvement in piracy and enabling others to pirate Plaintiffs' encrypted signals, including an extensive network of internet and other sources where interested persons may purchase from Defendants the requisite hardware and software, as well as obtain advice on how to use these devices to intercept Plaintiffs' signals. (*See* Compl. at 11-14; *see also* Preliminary Injunction Order at 4- 5.) This evidence would likely be sufficient to prove that in designing or testing the 8PSK Turbo Boards before marketing them to their customers Defendants tested them to determine whether they could be used for their intended purpose – to circumvent Plaintiffs' security measures. *See Webb*, 545 F.3d at 844-45. However, a plaintiff is not required to plead all facts necessary to carry its burden of proof. *Al-Kidd*, 580 F.3d at 977 (discussing *Bell Atl. Corp.* and *Iqbal*). *A fortiori*, Plaintiffs' allegations, which are supported by evidence presented for purposes of the preliminary injunction motion, are sufficient to meet the

facial plausibility requirement at the pleading stage of the case. *See Iqbal*, 129 S. Ct. at 1949.

For the reasons stated above, Defendants' motion to dismiss Counts I and III of the complaint is **DENIED**.

**IT IS SO ORDERED**.

DATED: June 24, 2010

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM V. GALLO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL