UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISH NETWORK, L.L.C. *et al.* | Civil No. 09cv1553-L(WVG) |
| Plaintiffs, | **ORDER OVERRULING DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S DISCOVERY ORDER** |
| v. | |
| SONICVIEW USA, INC. *et al.*, | |
| Defendants. | |

    In this action for violation of the Digital Millennium Copyright Act and Communications Act, Plaintiffs, who operate a satellite television system, alleged that Defendants are heavily involved in the manufacture and distribution of hardware and software used to intercept and steal DISH Network's encrypted satellite signal. Plaintiffs' motion for a preliminary injunction has been granted and Defendants' motion to dismiss for failure to state a claim has been denied. The parties are currently engaging in discovery. On March 4, 2011 the Magistrate Judge issued an order granting in part and denying in part Plaintiffs' motion to compel ("Order"). Defendants filed objections pursuant to Federal Rule of Civil Procedure 72(a) insofar as the Order compels them to produce certain tax returns and information pertaining to their net worth. Plaintiffs responded to the objections. For the reasons which follow, Defendants' objections are **OVERRULED**.

    District court review of magistrate judge orders on non-dispositive motions is limited.

Discovery motions, such as the motion at issue here, are non-dispositive. *See* 28 U.S.C. § 636(b)(1)(A); Civ. Loc. R. 72.1(b). A district court judge may reconsider a magistrate judge's ruling on a non-dispositive motion only "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. Proc. 72(a).

The Magistrate Judge granted Plaintiffs' motion to compel production of tax returns and net worth information and documents in part because in their responses to the corresponding interrogatories and requests for production Defendants did not comply with Federal Rules of Civil Procedure 26(g)(1), 33 and 34. These rules require the responding party to state its objections with specificity. *See also Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("objections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable"). Instead, Defendants used the same boilerplate for each response. The generic responses were not informative as to the grounds for objections as they related to Defendants and the requested information or documents. (Order at 6-7.) Moreover, Defendants did not correct this in their briefing before the Magistrate Judge. (*Id*. at 7.) Defendants do not dispute this in their objections to the Order. In light of the foregoing, it was not error for the Magistrate Judge to order Defendants to respond to the discovery requests. *See Davis*, 650 F.2d at 1160-61 (imposing default judgment as sanction for inadequate information in support of a claim of privilege in objections to interrogatories). Because this was a sufficient ground for the Magistrate Judge to order compliance, the court need not address Defendants' argument that the tax returns and net worth information were not relevant or necessary in this case.

Defendants also contend that production of tax returns is precluded by a qualified privilege based on a right to privacy under California constitution. It is undisputed that Plaintiffs assert only federal claims in this case. Accordingly, federal rather than California law applies. Fed. R. of Evid. 501. Under federal law, tax returns are subject to discovery. *St. Regis Paper Co. v. United States*, 368 U.S. 208, 218 (1961). Defendants do not dispute this in their objections to the Order. The court notes that discovery of tax returns is subject to a public policy against unnecessary public disclosure. *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511

F.2d 225, 229 (9th Cir. 1975).  In this case, the policy against unnecessary public disclosure is adequately addressed by means of a protective order, which was entered on August 14, 2009.

For the foregoing reasons, the court cannot find that the Magistrate Judge's order is clearly erroneous or contrary to law.  Accordingly, Defendants' objections are **OVERRULED**.

**IT IS SO ORDERED**.

DATED: April 6, 2011

                                 *M. James Lorenz*
M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM V. GALLO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL