UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISH NETWORK, L.L.C., *et al.*, | Civil No. 09-cv-1553-L(WVG) |
| Plaintiffs, | **ORDER OVERRULING DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S AUGUST 23, 2011 DISCOVERY ORDER [DOC. 123]** |
| v. | |
| SONICVIEW USA, INC., *et al.*, | |
| Defendants. | |

On July 17, 2009, Plaintiffs filed this action for violations of the Digital Millennium Copyright Act and Communications Act. Plaintiffs, who operate satellite television systems, allege that Defendants are heavily involved in the manufacture and distribution of hardware and software used to intercept and steal encrypted satellite signals. Thus far, Plaintiffs' motion for preliminary injunction has been granted, and Defendants' motion to dismiss for failure to state a claim has been denied. The parties are currently engaging discovery.

Pending before the Court is Defendants' objection to United States Magistrate Judge William V. Gallo's August 23, 2011 discovery order (Doc. 122). Judge Gallo granted in part and denied in part Plaintiffs' request for Defendants' bank records, or in the alternative, for a protective order limiting the breadth of the subpoenas. Specifically, Defendants were ordered to

produce all of the requested documents to their counsel, who will then redact any information regarding financial expenses for personal needs.  After completing the redactions, Defendants' counsel was ordered to produce these documents under a protective order.

The Court decides the matter on the papers submitted and without oral argument.  *See* Civ. L.R. 7.1(d.1).  For the following reasons, the Court **OVERRULES** Defendants' objection. (Doc. 122.)

## I.     STANDARD OF REVIEW

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order.  *See* Fed. R. Civ. P. 72(a).  The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law."  *Id.*; 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters.  *F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000); *Joiner v. Hercules, Inc.*, 169 F.R.D. 695, 697 (S.D. Ga. 1996) (reviewing magistrate judge's order addressing attorney-client issues in discovery for clear error).  Review under this standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed."  *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. of S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

On the other hand, the "contrary to law" standard permits independent review of purely legal determinations by a magistrate judge.  *See, e.g.*, *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("the phrase 'contrary to law' indicates plenary review as to matters of law."); *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994); 12 Charles A. Wright, et al., *Federal Practice and Procedure* § 3069 (2d ed., 2010 update). "Thus, [the district court] must exercise its independent judgment with respect to a magistrate judge's legal conclusions."  *Gandee*, 785 F. Supp. at 686.  "A decision is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *United States v. Cathcart*, No. C 07-4762 PJH, 2009 WL 1764642, at *2 (N.D. Cal. June 18, 2009).

## II. DISCUSSION

The crux of Defendants' objection is that they should be granted relief from Judge Gallo's order because the process of redacting personal-needs information from the bank records is too time-consuming and too expensive.[1] Defendants suggest that the redaction process of the bank statements would require "a staggering 360 hours to accomplish, at a minimum," and "cost at least $108,000." (Defs.' Objection 7:12–18.) However, Defendants fail to show that Judge Gallo's order is clearly erroneous or contrary to law.

Defendants cite *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1098 (6th Cir. 1994), to support their assertion that the redaction process is an undue burden.[2] In *Coleman*, the Sixth Circuit held that a defendant was not required to respond to a discovery request that would have required it to "search every file that exists at National Headquarters for any documents that might be of any relevance to any matter in the case." *Id.* This Court finds that *Coleman* is inapposite because, in that case, the defendant had already produced "hundreds of interrogatory responses, numerous depositions, and thousands of pages of documents" and the plaintiff's discovery requests were excessively broad. *Id.* In this case, Plaintiffs' request is narrowly tailored to Defendants' bank records after Defendants' counsel redacts all personal-needs information. Furthermore, the information sought appears to be within the scope of Judge Gallo's March 4, 2011 Order, and Defendants appear to not have fully and completely responded

---

[1] Defendants also assert that Judge Gallo erred because the bank records are subject to a California constitutional right to privacy. (Defs.' Objection 6:8–9 [Doc. 123].) Defendants cite *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 604 (C.D. Cal. 1995), for the proposition that federal courts may enforce California constitutional rights of privacy. However, that case involved both federal and state claims. As the Court noted in an earlier order, this case exclusively involves federal claims. Therefore, *Ragge* does not apply here, and the Court rejects Defendants' assertion for the same reasons stated in its April 6, 2011 Order (Doc. 109).
 Furthermore, Defendants assert that a showing of "overwhelming relevance and compelling need" is necessary to overcome the privacy protection. (Defs.' Objection 6:12–14.) Because Defendants fail to articulate an applicable privacy protection articulated here, the Court need not address the issue of "overwhelming relevance and compelling need."
 Therefore, whether Defendants' bank records are within the scope of discovery is not at issue here.

[2] *Coleman* is the only law Defendants cite to support their undue-burden assertion. (Defs.' Objection 4:15–6:19.)

to Plaintiffs' discovery requests under that order.  (*See* March 4, 2011 Order 2:20–3:2 [Doc. 122].)  Consequently, as Judge Gallo pointed out, "[h]ad Defendants fully and completely responded to Plaintiffs' discovery requests as ordered, perhaps Plaintiffs would not have pursued this avenue to obtain the information they rightfully seek."  (*Id.* at 2:23–26.)

Accordingly, Defendants fail to show that Judge Gallo's order is clearly erroneous or contrary to law.[3]

## III.  CONCLUSION & ORDER

In light of the foregoing, the Court **OVERRULES** Defendants' objection to Judge Gallo's August 23, 2011 discovery order.  (Doc. 123.)

**IT IS SO ORDERED.**

DATED: October 3, 2011

  _____
  M. James Lorenz
  United States District Court Judge

---

[3] Defendants also argue that the "proposed redaction will not work because bank statements these days reference only the check number and amount, and do not include the actual cancelled check, making it impossible to ascertain whether debits were personal expenses or related to Sonicview, or whether deposits came from non-Sonicview business or other sources."  (Defs.' Objection 7:23–27.)  Nothing before the Court suggests that Plaintiffs are only interested in check transactions, and Defendants' characterization of "bank statements these days" is without merit.