UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISH NETWORK, LLC, et al., | ) Civil No. 09-1553-L(WVG) |
| Plaintiffs, | ) ORDER REGARDING DEFENDANTS'<br>) EXPERT WITNESS FEES |
| v. | ) |
| SONICVIEW USA, INC., et al., | ) |
| Defendants. | ) |

On September 12 and 14, 2011, the Court received letter briefs from counsel regarding Plaintiffs' failure to pay Defendants' expert witness for the time he spent in his deposition. On September 15, 2011, the Court requested further briefing on the issues presented in the letter briefs. On September 26, 2011, counsel submitted the requested briefing. On October 13, 2011, the Court held a Discovery Conference in this matter. Chad Hagan appeared on behalf of Plaintiffs. David Clark appeared on behalf of Defendants.

Prior to the deposition and pursuant to Fed. R. Civ. P. 26(a), Defendants informed Plaintiffs that their expert, Richard Caylor, charged $300 per hour for deposition testimony. Prior to the

1  deposition, Plaintiffs did not object to Mr. Caylor's deposition
2  fee. However, at Mr. Caylor's deposition, Plaintiffs learned that
3  Mr. Caylor charged Defendants $35 per hour for his work for them.
4  After the deposition was taken, Plaintiffs refused to pay $300 per
5  hour for Mr. Caylor's deposition testimony.
6       In <u>Jochims v. Isuzu</u>, 141 F.R.D. 493 (S.D. IA 1992), the court
7  listed the following factors that courts should consider in deciding
8  whether to reduce an expert witness' fee for deposition testimony:
9       (1) witness' area of expertise;
10      (2) education and training required to provide expert
11 insight;
12      (3) prevailing rates of other comparable experts;
13      (4) nature, quality and complexity of discovery responses
14 provided;
15      (5) the fee actually being charged by the party who retained
16 the expert;
17      (6) fees traditionally charged by an expert on related
18 matters;
19      (7) any other factor likely to be of assistance to the court
20 in balancing the interests of the parties.
21      <u>Jochims</u> has been cited approvingly in <u>SEC v. Berry</u>, 2011 WL
22 2149088 (N.D. Cal. 2011) and <u>Beecham v. City of W. Sacramento</u>, 2009
23 WL 689729 (E.D. Cal. 2009).
24      Courts have reduced an expert's deposition fees for twice and
25 three times more than they charge for work for the party who
26 retained them. <u>Sublette v. Glidden</u>, 1998 WL 398156 (E.D. PA 1998),
27 <u>Ohuche V. British Airways</u>, 1998 WL 240481 (S.D. NY 1998).
28

Here, Plaintiffs ask for a reduction of Mr. Caylor's deposition fee, which is almost ten times more than what he charged Defendants for work for them.

The Court's analysis of the <u>Jochims</u> factors is as follows:

A. <u>Witness Area of Expertise</u>

Defendants stated that Mr. Caylor's expertise was in the analysis of Sonicview's receivers firmware and software and related Sonicview products, Sonicview's free-to-air marketing, uses and services, inability of Sonicview receivers installed with factory firmware to pirate encrypted Dish Network satellite programming, satellite piracy and efforts to combat it.

B. <u>Education/Training</u>

Mr. Caylor has never been retained, nor qualified, as an expert. His testimony is based on his experience in the satellite television industry. He does not hold a post-high school degree. He does not have any professional licenses or certifications. His experience includes working for Defendants as a paid consultant. It is alleged that he operates or operated a business through which he sells or sold allegedly infringing Sonicview receivers. The Court questions whether he will be qualified as an expert witness at trial.

C. <u>Prevailing Rates of Comparable Experts</u>

Neither Plaintiffs nor Defendants provide the Court with any information regarding this factor.

D. <u>Nature/Quality/Complexity of Expert Testimony</u>

Neither Plaintiffs nor Defendants provide the Court with any information regarding this factor.

Case 3:09-cv-01553-L -WVG   Document 131   Filed 10/13/11   Page 4 of 4

1         E. <u>Fee Charged By Retaining Party</u>

2         Mr. Caylor agreed to a lump sum payment from Defendants of
3    $2,500 for his report, which he claims took him over 100 hours of
4    work and includes reimbursement for $920 in travel expenses. If the
5    travel expenses are subtracted from the $2,500, Mr. Caylor actually
6    performed work for Defendants at approximately $16 per hour.
7    Plaintiff offered to reimburse Mr. Caylor for his deposition time at
8    $35 per hour.

9         F. <u>Fees Charged By Experts in Related Matters</u>

10        Neither Plaintiffs nor Defendants supply the Court with any
11   information regarding this factor.

12        The Court's analysis of the <u>Jochims</u> factors leads to the
13   conclusion that $300 per hour for Mr. Caylor's deposition testimony
14   is clearly excessive and unwarranted. Therefore, the Court finds
15   that Defendants shall pay Mr. Caylor $35 per hour for his deposition
16   testimony. On or before <u>October 20, 2011,</u> such payment shall be paid
17   directly to Mr. Caylor.

18   IT IS SO ORDERED.

19

20   DATED:   October 13, 2011

21

22                                    _____
                                      Hon. William V. Gallo
23                                    U.S. Magistrate Judge

4

09cv1553