UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISH NETWORK, L.L.C., *et al.*,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>SONICVIEW USA, INC., *et al.*,<br><br>　　　　　Defendants. | Civil No. 09-cv-1553-L(WVG)<br><br>**ORDER GRANTING DEFENDANTS'** ***EX PARTE*** **APPLICATION TO STAY ENFORCEMENT OF JUDGEMENT [DOC. 183]** |

　　　　Pending before the Court is Defendants Sonicview USA, Inc., Roberto Sanz, Danial Pierce, Alan Phu, and Duane Bernard's *ex parte* application for a temporary extension of the automatic stay preventing enforcement of the summary-judgment order against them pending the outcome of anticipated post-judgment motions. Plaintiffs DISH Network L.L.C., EchoStar Technologies L.L.C., and NagraStar L.L.C. oppose.

　　　　The factors governing the issuance of a stay under Federal Rule of Civil Procedure 62(b) are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where

the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  The first factor, requiring a strong likelihood of success, is the "most important".  *Haggard v. Curry*, 631 F.3d 931, 935 (9th Cir. 2010).  Furthermore, "[a]n unsecured stay is disfavored under Rule 62(b)." *In re Apollo Grp. Inc. Sec. Litig.*, No. CV 04-2147, 2008 WL 410625, at *1 (D. Ariz. Feb. 13, 2008).

Here, Defendants argue that the first, second, and third factors favor granting the stay.[1] Specifically, they contend that Court did not correctly draw its inferences from the evidence presented, including undisputed evidence, and that the parties' financial status will only injure Defendants and not Plaintiffs. (Defs.' Appl. 4:21–5:3, 5:4–6:12.)  In response, Plaintiffs argue that all of the factors favor denying the stay.  In particular, they contend that Defendants fail to show that they are likely to succeed on the merits because they fail to identify a particular aspect of the summary-judgment order that is erroneous, and Defendants merely put forth arguments previously presented to the Court. (Pls.' Opp'n 3:23–5:8.)  Though the Court has reservations as to whether Defendants made a strong enough showing that they are likely to succeed on the merits, the remaining factors favor granting the stay.  *See Hilton*, 481 U.S. at 776.

In light of the foregoing, the Court **GRANTS** Defendants' *ex parte* application, and hereby:

(1)     **STAYS** the enforcement of the judgment against Defendants;

(2)     **ORDERS** Defendants to provide a $650,000 bond to secure Plaintiffs' interest in the judgment before they file any post-judgment motions;

(3)     Defendants shall file any post-judgment motions under Federal Rules of Civil Procedure 59 or 60 by **July 2, 2012**;

(4)     Plaintiffs shall file their oppositions by **July 16, 2012**; and

(5)     Defendants shall file their replies by **July 23, 2012**.

//

---

[1] Defendants do not address the fourth factor beyond stating that it is a "non-factor[] because the public is not involved here." (Defs.' Appl. 5:2–3.)

The Court will consider any of these post-judgment motions on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). Furthermore, Defendants are warned that failure to provide the bond or file a post-judgment motion by the aforementioned due date will result in an order immediately lifting this stay.

**IT IS SO ORDERED.**

DATED: June 19, 2012

                                                    M. James Lorenz
United States District Court Judge