UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISH NETWORK L.L.C., *et al.*, | Case No. 09-cv-1553-L(WVG) |
| Plaintiffs, | **ORDER DENYING DEFENDANT COURTNEY BERNARD'S MOTION FOR CLARIFICATION AND/OR RECONSIDERATION [DOC. 187]** |
| v. | |
| SONICVIEW USA, INC., *et al.*, | |
| Defendants. | |

On May 31, 2012, the Court granted Plaintiffs Dish Network L.L.C., Echostar Technologies L.L.C., and Nagrastar L.L.C.'s motion for summary judgment. (Doc. 181.) An order entering judgment against Defendants Sonicview USA, Inc., Roberto Sanz, Danial Pierce, and Alan Phu ("Sonicview Defendants") in the amount of $64,980,200, and against Defendants Duane Bernard and Courtney Bernard in the amount of $984,800 jointly and severally followed. (Doc. 182.) Defendant Duane Bernard now moves for clarification and/or reconsideration of the summary-judgment order. Plaintiffs oppose.

The Court noted this motion would be considered on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). (Doc. 185.) For the following reasons, the Court **DENIES** Courtney Bernard's motion for clarification and/or reconsideration. (Doc. 187.)

//

## I. LEGAL STANDARD

Once judgment has been entered, reconsideration may be sought by filing a motion under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure 60(b) (motion for relief from judgment). *See Hinton v. Pac. Enter.*, 5 F.3d 391, 395 (9th Cir. 1993).

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)) (internal quotation marks omitted). Further, a motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id.* It does not give parties a "second bite at the apple." *See id.* Finally, "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. *Ausmus v. Lexington Ins. Co.*, No. 08-CV-2342-L, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009).

Similarly, Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances. *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir.1994) (citing *Ben Sager Chem. Int'l v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)). Under Rule 60(b), the court may grant reconsideration based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

//
//

## II.   DISCUSSION

Though Courtney Bernard moves for clarification and/or reconsideration of the Court's summary-judgment order, he fails to apply the appropriate legal standard to show that reconsideration is warranted. Rather, as Plaintiffs point out, the substance of Courtney Bernard's motion is arguing that the Court erred by not allocating a percentage or specific dollar amount of liability to him personally, suggesting that his brother Duane Bernard is more to blame and should be responsible for most of the damages. (Def.'s Mot. 2:7–23.)

Courts in the Ninth Circuit have recognized that joint and several liability is appropriate when awarding actual or statutory damages against copyright infringers. *See Range Rd. Music, Inc. v. E. Coast Foods, Inc.*, 668 F.3d 1148, 1155 (9th Cir. 2012) (affirming the district court awarding statutory damages against defendants jointly and severally liable for copyright infringement); *Sony Computer Entm't Am., Inc. v. Divineo, Inc.*, 457 F. Supp. 2d 957, 967 (N.D. Cal. 2006) (finding defendants jointly and severally liable for statutory damages for violations of the Digital Millennium Copyright Act). Courtney Bernard fails to provide any authority that would lead this Court to reach another conclusion regarding the award against him and Duane Bernard. In fact, his motion for reconsideration is completely devoid of references to any law. Therefore, Duane Bernard and Courtney Bernard are jointly and severally liable for $984,800.

## III.   CONCLUSION & ORDER

Because Courtney Bernard fails to demonstrate entitlement to reconsideration, the Court **DENIES** his motion. (Doc. 187.)

**IT IS SO ORDERED.**


DATED: September 19, 2012

M. James Lorenz
United States District Court Judge

COPY TO:
HON. WILLIAM V. GALLO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

3

09cv1553