UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISH NETWORK L.L.C., *et al.*, | Case No. 09-cv-1553-L(WVG) |
| Plaintiffs, | **ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION AND NEW TRIAL [DOC. 188]** |
| v. | |
| SONICVIEW USA, INC., *et al.*, | |
| Defendants. | |

On May 31, 2012, the Court granted Plaintiffs Dish Network L.L.C., Echostar Technologies L.L.C., and Nagrastar L.L.C.'s motion for summary judgment. (Doc. 181.) An order entering judgment against Defendants Sonicview USA, Inc., Roberto Sanz, Danial Pierce, and Alan Phu ("Sonicview Defendants") in the amount of $64,980,200, and against Defendants Duane Bernard and Courtney Bernard in the amount of $984,800 jointly and severally followed. (Doc. 182.) The Sonicview Defendants and Duane Bernard (collectively, "Defendants") now move for a new trial under Rule 59(a)(1), to alter or amend judgment under Rule 59(e), and for relief from judgment under Rule 60(b). Fed. R. Civ. P. 59, 60. Plaintiffs oppose.

The Court noted earlier that this motion will be considered on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). (Doc. 185.) For the following reasons, the Court **DENIES** Defendants' motion. (Doc. 188.)

## I. LEGAL STANDARD[1]

Once judgment has been entered, reconsideration may be sought by filing a motion under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure 60(b) (motion for relief from judgment). *See Hinton v. Pac. Enter.*, 5 F.3d 391, 395 (9th Cir. 1993).

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)) (internal quotation marks omitted). Further, a motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id.* It does not give parties a "second bite at the apple." *See id.* Finally, "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. *Ausmus v. Lexington Ins. Co.*, No. 08-CV-2342-L, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009).

Similarly, Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances. *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir.1994). Under Rule 60(b), the court may grant reconsideration based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment being void; (5) the judgment having been satisfied; or (6) any other

---

[1] Under Rule 59(a)(1), a party may move for a new trial only after either a jury trial or nonjury trial. Fed. R. Civ. P. 59(a)(1). Given that there was no trial in this case, Defendants fail to satisfy a threshold requirement under Rule 59(a)(1). Accordingly, the Court **DENIES** Defendants' request for a new trial. *See* Fed. R. Civ. P. 59(a).

reason justifying relief. Fed. R. Civ. P. 60(b). That last prong is "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007).

## II.   DISCUSSION[2]

### A.   There Was No Genuine Issue of Material Fact.

It is well settled that, "[w]hen the non-moving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact." *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (per curiam); *see also United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011); *Head v. Glacier Nw. Inc.*, 413 F.3d 1053, 1059 (9th Cir. 2005) (discussing the "longstanding precedent that conclusory declarations are insufficient to raise a question of material fact"). "Summary judgment requires facts, not simply unsupported denials or rank speculation." *McSherry v. City of Long Beach*, 584 F.3d 1129, 1138 (9th Cir. 2009); *see also Fed. Trade Comm'n v. Neovi, Inc.*, 604 F.3d 1150, 1159 (9th Cir. 2010); *Batz v. Am. Commercial Sec. Servs.*, 776 F. Supp. 2d 1087, 1097-98 (C.D. Cal. 2011). Moreover, the court need not find "a 'genuine issue' where the only evidence presented is 'uncorroborated and self serving' testimony." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).

Defendants contend that the Court "unfairly discounted the Declarations and deposition testimony proferred [sic] by the Sonicview Defendants and wrongfully accused them of being 'self-serving.'" (Defs.' Mot. 5:14–19.) They go on to state that "answers to deposition questions under cross-examination cannot be characterized as 'self-serving,' and the Declaration testimony was sufficiently detailed and corroborated by other evidence." (*Id.*) However, Defendants again

---

[2] A substantial portion of Defendants' motion challenges parts of the factual background presented in the summary-judgment order. (Defs.' Mot. 6:3–7:2.) However, that section is merely what it is described to be: background. There are no findings by the Court contained in that section.

fail to cite any law to support their propositions, and fail to direct the Court to any evidence that corroborates Defendants' declarations and deposition testimony.  After review, the Court previously found that Defendants' uncorroborated and self-serving declarations and deposition testimony are insufficient to create a genuine issue of material fact.  Defendants fail to justify that that finding was clear error warranting reconsideration.  *See Fed. Trade Comm'n*, 604 F.3d at 1159.

### B.   Inferences Were Drawn in the Light Most Favorable to the Nonmoving Party.

If the moving party meets its initial burden under Rule 56(c), the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995) ("The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient.") (citing *Anderson*, 477 U.S. at 242, 252).  Rather, the nonmoving party must "go beyond the pleadings" and by "the depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(e)).  When making this determination, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party.  *See Matsushita*, 475 U.S. at 587.

Defendants argue that the inferences drawn by the Court were in error because "all reasonable inferences had to be drawn in favor of the Sonicview Defendants, not the other way around," suggesting that the Court either misapplied or misunderstood the summary-judgment standard.  (Defs.' Mot. 5:5:6–14.)  However, the Supreme Court in *Matsushita* stated that "[o]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in light most favorable to the party opposing the motion."  475 U.S. at 588 (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (internal quotation marks omitted).  This proposition has evolved into the abbreviated proposition that "all reasonable inferences must be drawn in favor of the nonmoving party." *See, e.g., Mattos v. Agarano*, 661 F.3d 433, 440 (9th Cir. 2011).

Without understanding the source of this proposition—i.e., the Supreme Court's decision *Matsushita* and its predecessors—it does literally appear to suggest that all reasonable inferences must be drawn in favor of the nonmoving party, thereby precluding the Court from making any inferences against the nonmoving party. That appears to be Defendants' understanding of this aspect of summary judgment. That understanding is wrong.

The Court is not precluded from drawing inferences against the nonmoving party as long as the underlying facts are viewed in light most favorable to that party. *See Matsushita*, 475 U.S. at 588; *see also Avina v. United States*, 681 F.3d 1127, 1129 (9th Cir. 2012) ("Because this case comes to us on summary judgment in favor of the [defendant], we must view the record in light most favorable to the [plaintiffs], who are the non-moving parties."). Rather, on summary judgment, the court "must determine whether the record, *when viewed in the light most favorable to the non-moving party*, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Brown v. City of Los Angeles*, 521 F.3d 1238, 1240 (9th Cir. 2008) (per curiam) (emphasis added).

### C.  Defendants Are Not Entitled to Reconsideration.

To review, there were no genuine issues of material fact. The expert analysis that Plaintiffs provided established that the Sonicview receivers, iHubs, and A-1 modules were designed for piracy at the time they were distributed by Defendants. Defendants did not challenge that expert analysis. Plaintiffs also provided evidence that Defendants distributed all three of these devices along with specific numbers of each device distributed. Defendants failed to provide sufficient evidence to create a genuine issue of material fact regarding distribution.

The Digital Millennium Copyright Act ("DMCA") prohibits, among other things, providing any "technology, product, service, device, component, or part thereof" that "is primarily designed or produced for the purpose of circumventing a technological measure that effectively controls access to a work protected [by copyright]." 17 U.S.C. § 1201(a)(2). The Federal Communications Act ("FCA") provides that it shall be a violation of the statute where "[a]ny person who . . . distributes any electronic, mechanical, or other device or equipment,

knowing or *having reason to know* that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services . . . ." 47 U.S.C. § 605(e)(4) (emphasis added).  The evidence reviewed above compelled the Court to find that Defendants are liable under both of these statutes, even when viewing the evidence in the light most favorable to them. *See* 17 U.S.C. § 1201(a)(2); 47 U.S.C. § 605(e).  This is especially true because Defendants distributed all three of these devices that clearly work in conjunction with each other to violate the DMCA and FCA.  Those were the essential facts to find that Defendants are liable. *See id.*  And Defendants fail to show that there was an error in the Court's conclusion that warrants reconsideration under either Rule 59(e) or Rule 60(b).

The remaining arguments put forth by Defendants in their motion are either not directly relevant to the Court reaching its conclusion, arguments that were raised before, or new arguments that could have reasonably been raised earlier.[3] *See Kona Enters.*, 229 F.3d at 890; *Engleson*, 972 F.2d at 1044; *Ausmus*, 2009 WL 2058549, at *2.  Therefore, the Court need not address those arguments. *See id.*

### III.   CONCLUSION & ORDER

Because the Defendants fail to demonstrate entitlement to reconsideration, the Court **DENIES** their motion.  (Doc. 188.)

**IT IS SO ORDERED.**

DATED: October 11, 2012

_____
M. James Lorenz
United States District Court Judge

---

[3] In particular, Defendants vehemently challenge the Court's discussion of the piracy software associated with the Sonicview receivers. (*See* Defs.' Reply 3:7–4:1.) However, as Plaintiffs astutely point out, Plaintiffs' unchallenged and thus undisputed expert evidence standing alone is sufficient to find that the Sonicview devices are prohibited under the DCMA and FCA. (Pls.' Opp'n 7:8–12.)