UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISH NETWORK L.L.C., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>SONICVIEW USA, INC., *et al.*,<br><br>    Defendants. | Case No. 09-cv-1553-L(WVG)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION IN OPPOSITION TO JUDGMENT DEBTOR DANIAL PIERCE'S CLAIM OF EXEMPTION [DOC. 254]** |

    On May 31, 2012, the Court granted Plaintiffs Dish Network L.L.C., Echostar Technologies L.L.C., and Nagrastar L.L.C.'s motion for summary judgment. (Doc. 181.) An order entering judgment against Defendants Sonicview USA, Inc., Roberto Sanz, Danial Pierce, and Alan Phu ("Sonicview Defendants") in the amount of $64,980,200, and against Defendants Duane Bernard and Courtney Bernard in the amount of $984,800 jointly and severally followed. (Doc. 182.) Plaintiffs are currently attempting to enforce and collect on the judgment against Mr. Pierce, including levying funds in his account with the Armed Forces Bank.

    On July 20, 2012, copies of the Notice of Levy, Writ of Execution, and Memorandum of Garnishee with respect to the Armed Forces Bank were served on Mr. Pierce. (Doc. 225.) Thereafter, on August 14, 2012, Mr. Pierce filed a Claim of Exemption with the levying officer with respect to "All funds in my account at Armed Forces Bank," and claimed federal

exemptions under 10 U.S.C. § 1440, 38 U.S.C. § 3101, and 5 U.S.C. § 8356. (Holmes Decl. Ex. 1.) To support his claim, Mr. Pierce alleged that "[a]ll funds deposited are exempt Military Retirement/Veterans Benefits and/or Civil Service Retirement." (*Id.*) Plaintiffs now move to oppose that claim of exemption. Mr. Pierce opposes Plaintiffs' motion.

The Court found this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). (Doc. 263.) For the following reasons, the Court **GRANTS** Plaintiffs' motion. (Doc. 254.)

**I.   ANALYSIS**

California Code of Civil Procedure § 703.520(a) states that:

> The claimant may make a claim of exemption by filing with the levying officer a claim of exemption together with a copy thereof. The claim shall be made within 10 days after the date the notice of levy on the property claimed to be exempt was served on the judgment debtor.

Cal. Civ. Proc. Code § 703.520(a).

A copy of the Notice of Levy with respect to the property held in Mr. Pierce's name by the Armed Forces Bank was served on him in Sierra Vista, Arizona on July 20, 2012 by the United States Postal Service from San Diego, California. (Doc. 225.) Under § 703.520(a), the Claim of Exemption should have been filed within 10 days after service of the Notice of Levy, or by July 30, 2012. *See* Cal. Civ. Proc. Code § 703.520. But since Mr. Pierce was served with a copy of the Notice of Levy in Arizona, he was permitted 10 additional calendar days from the July 30, 2012 due date. *See* Cal. Civ. Proc. Code § 1013(a) ("Service is complete at the time of the deposit, but any period of notice and any right or duty to do any act or make any response within any period or on a date after service of the document, which time period or date is prescribed by statute or rule of court, shall be extended . . . 10 calendar days if either the place of mailing or the place of address is outside the State of California but within the United States"). Consequently, Mr. Pierce was required to file his Claim of Exemption by August 9, 2012. *See* Cal. Civ. Proc. Code §§ 703.520(a), 1013(a).

Mr. Pierce filed his Claim of Exemption on August 14, 2012, five days after it was due. (*See* Holmes Decl. Ex 1.) Thus, the Claim of Exemption is untimely.

In response, Mr. Pierce argues that the account is protected because "[a]s attested to in the accompanying Declaration of Mr. Pierce, the sources of all of the funds in that account are governmental benefits exempt from collection by judgment creditors under both federal and applicable California law" (Def.'s Opp'n 1:13–16), and that the Court should relieve Mr. Pierce of his untimely submission because "due to his lack of knowledge of legal process, he was unaware of the procedures and timing to exempt his governmental benefits from the[] attempted collection by Plaintiffs" (*id.* at 3:1–9). Addressing the first argument, Plaintiffs submit records received from the Armed Forces Bank that show that the account contains commingled non-exempt funds, including deposits from Viewtech, Inc., and deposits with the heading "Sonicview USA in impound 5 Viewtech Inc." (Craven Decl. ¶ 2 & Ex. 1.) Aside from the issue that Mr. Pierce may have made material misrepresentations to the Court, the evidence before the Court suggests that all of the funds in the Armed Force Bank account are not governmental benefits. Addressing the second argument, lack of knowledge of the law is not a reason to grant relief from following that particular law. Ignorance as a defense is especially absurd because Mr. Pierce is represented by counsel who is trained in law and familiar with the legal process.

Ultimately, because of the procedural defect in filing his claim, Mr. Pierce is time-barred and has waived his right to make any claim of exemption with respect to the property held by the Armed Forces Bank. However, Plaintiffs fail to provide any statute or case law that show that claims of exemption to governmental-benefits funds that fall under 38 U.S.C. § 5301(a) or California Code of Civil Procedure § 483.013 can be waived.[1] Accordingly, if Mr. Pierce can identify specific funds in the Armed Forces Bank account that are governmental benefits exempt under 38 U.S.C. § 5301(a) or California Code of Civil Procedure § 483.013, and show that claims of exemption to those funds cannot be waived, then those funds shall be exempt from collection. Absent that showing, no funds held in Mr. Pierce's name by the Armed Forces Bank can be claimed as exempt. *See Tinsley v. Bauer*, 125 Cal. App. 2d 724, 734 (1954) (judgment

---

[1] Contrary to Plaintiffs' contention, California Code of Civil Procedure § 703.520(a) does not address whether governmental benefits funds that are exempt from claims from creditors under 38 U.S.C. § 5301(a) or California Code of Civil Procedure § 483.013 can be waived.

creditor should not suffer because of the fact that assets on which it is entitled to levy and assets which husband can claim as exempt are so commingled that the husband cannot demonstrate exactly how much is exempt from levy).

## II. CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS** Plaintiffs' motion in opposition to Mr. Pierce's claim of exemption. (Doc. 254.) If Mr. Pierce chooses to show that some or all of the funds in his Armed Forces Bank account are protected governmental-benefits funds under 38 U.S.C. § 5301(a) or California Code of Civil Procedure § 483.013, he must do so within **7 calendar days** after the issuance of this order. Plaintiffs may respond within **7 calendar days** of being served with that brief. None of these briefs shall exceed **5 pages** in length.

**IT IS SO ORDERED.**

DATED: October 11, 2012

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM V. GALLO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL