

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DISH NETWORK, L.L.C., *et al.*, | ) | Case No. 09-cv-1553-L(WVG) |
| | ) | |
| Plaintiffs, | ) | **ORDER OVERRULING** |
| | ) | **DEFENDANTS' OBJECTIONS TO** |
| v. | ) | **MAGISTRATE JUDGE'S AUGUST** |
| | ) | **30, 2012 ORDER [DOC. 262]** |
| | ) | |
| SONICVIEW USA, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On July 17, 2009, Plaintiffs filed this action for violations of the Digital Millennium Copyright Act and Communications Act. Plaintiffs, who operate satellite television systems, allege that Defendants are heavily involved in the manufacture and distribution of hardware and software used to intercept and steal encrypted satellite signals. On May 31, 2012, the Court granted Plaintiffs Dish Network L.L.C., Echostar Technologies L.L.C., and Nagrastar L.L.C.'s motion for summary judgment. (Doc. 181.) An order entering judgment against Defendants Sonicview USA, Inc., Roberto Sanz, Danial Pierce, and Alan Phu ("Sonicview Defendants") in the amount of $64,980,200, and against Defendants Duane Bernard and Courtney Bernard in the amount of $984,800 jointly and severally followed. (Doc. 182.)

//

Pending before the Court is Defendants' objection to United States Magistrate Judge William V. Gallo's August 30, 2012 Order denying Defendants' motion for a protective order to extend the time to respond to discovery requests (Doc. 256).[1]   Judge Gallo denied the motion because Defendants had "not demonstrated due diligence in responding to Plaintiffs' document requests."  (August 30, 2012 Order [Doc. 256].)  It was also noted that "Defendants filed a last minute Motion for Protective Order . . . essentially treat[ing] the granting of the Motion for Protective Order as a forgone conclusion, the Court's approval being a mere formality in the process."  (*Id.*)  Judge Gallo emphasized, "**[h]owever, the Court is not a mere rubber stamp,** and the Court would be justified in denying the motion because it was filed two days before the document production at issue was due."  (*Id.* (emphasis in original).)

The Court decides the matter on the papers submitted and without oral argument.  *See* Civ. L.R. 7.1(d.1).  For the following reasons, the Court **OVERRULES** Defendants' objection. (Doc. 262.)

## I.    STANDARD OF REVIEW

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order.  *See* Fed. R. Civ. P. 72(a).  The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law."  *Id.*; 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters.  *F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000); *Joiner v. Hercules, Inc.*, 169 F.R.D. 695, 697 (S.D. Ga. 1996) (reviewing magistrate judge's order addressing attorney-client issues in discovery for clear error).  Review under this standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. of S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks

---

[1] Courtney Bernard is not a party to this objection.  In this order, the Court collectively refers to the Sonicview Defendants and Duane Bernard as "Defendants."

09cv1553

omitted).

On the other hand, the "contrary to law" standard permits independent review of purely legal determinations by a magistrate judge. *See, e.g.*, *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("[T]he phrase 'contrary to law' indicates plenary review as to matters of law."); *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994); 12 Charles A. Wright, et al., *Federal Practice and Procedure* § 3069 (2d ed., 2010 update). "Thus, [the district court] must exercise its independent judgment with respect to a magistrate judge's legal conclusions." *Gandee*, 785 F. Supp. at 686. "A decision is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Cathcart*, No. C 07-4762 PJH, 2009 WL 1764642, at *2 (N.D. Cal. June 18, 2009).

## II.    DISCUSSION[2]

Defendants argues that they have shown good cause, that Judge Gallo's Order erroneously made conclusions not supported by the record, and that they made their request in accordance with the Federal Rules of Civil Procedure and applicable federal laws. Specifically, regarding the showing of good cause, Defendants point out that Defendants had not sought prior extensions, there have been difficulties engaging in timely communications between counsel and Defendants, the subject document requests were "extremely voluminous," and Defendants' counsel had family commitments for up to three weeks. (Defs.' Objection 5:21–13.) Only Defendants' good-cause contention addresses Judge Gallo's conclusion that Defendants had not demonstrated due diligence in responding to Plaintiffs' document requests.

//

//

---

[2] Defendants contend that in addition to the August 30, 2012 Order being clearly erroneous and contrary to law, that Judge Gallo also abused his discretion. As discussed above, abuse of discretion is not an applicable standard of review here. Furthermore, though Defendants also contend that the Order is contrary to law, Defendants fail to identify any misapplication of relevant statutes, case law, or rules of procedure. (*See* Defs.' Objection 5:10–7:25.) Consequently, the Court reviews the Order only under the clearly erroneous standard.

3

09cv1553

In arguing that good cause was shown, Defendants state that

> [Defendants' counsel] Mr. Clark's only child was married last week, and Mr. Clark has had family and friends coming to visit and attend the wedding from all over the country, Canada, England, and Wales.  Mr. Clark had necessary family commitments for the last two-three weeks to attend to in connection with the wedding and out-of-town guests, *which made it impossible to respond to all 240 documents requests at the same time.*

(Defs.' Objection 5:25–6:2 (emphasis added).)  Aside from the fact that Defendants' counsel did not respond to document requests because he was overwhelmed by the volume of his work, could not timely communicate with his clients, and basically took a two-to-three week hiatus from the duties required of this case, Defendants concede that they were unable to respond to all of the document requests.  (*See id.*)  That appears to be the heart of the problem here: Defendants did not respond to the document requests as they should have.  In light of that failure, and the list of excuses presented, Judge Gallo found that Defendants did not demonstrate due diligence in responding to Plaintiffs' document requests, which also strongly implies that Defendants had not shown good cause.  There is nothing clearly erroneous about that conclusion, and the Court cannot reach a definite and firm conviction that a mistake has been committed. *See Concrete Pipe & Prods.*, 508 U.S. at 623.  Indeed, Defendants' line of reasoning which essentially is that Plaintiffs and the Court should be compelled to accommodate Defendants' counsel's schedule is unrealistic and meritless.

Accordingly, Defendants fail to show that Judge Gallo's August 30, 2012 Order is clearly erroneous.  *See Concrete Pipe & Prods.*, 508 U.S. at 623.  Furthermore, as the Court noted above, Defendants also fail to adequately apply the contrary-to-law standard of review in challenging Judge Gallo's Order.[3]  *See Cathcart*, 2009 WL 1764642, at *2.

---

[3] The remaining arguments that Defendants present address admonishments in the August 30, 2012 Order directed at Defendants for treating the granting of motions for protective orders as "mere rubber stamps" and for last-minute filings.  The Court need not reach those arguments because the finding that Defendants failed to demonstrate due diligence in responding to document requests provides an independent basis to deny Defendants' motion for a protective order.

09cv1553

**III.    CONCLUSION & ORDER**

In light of the foregoing, the Court **OVERRULES** Defendants' objection to Judge Gallo's August 30, 2012 Order.  (Doc. 262.)  The Court also **DENIES** Defendants' renewed motion for a protective order that they incorporated into their objection.  That renewed motion should be made before Judge Gallo.

**IT IS SO ORDERED.**

DATED: October 10, 2012

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM V. GALLO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

09cv1553