UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISH NETWORK L.L.C., *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>SONICVIEW USA, INC., *et al.*,<br><br>        Defendants. | Case No. 09-cv-1553-L(WVG)<br><br>**ORDER RE: OCTOBER 11, 2012 ORDER GRANTING PLAINTIFFS' MOTION IN OPPOSITION OF CLAIM OF EXEMPTION** |

On October 11, 2012, the Court granted Plaintiffs' motion in opposition to judgment debtor Defendant Danial Pierce's claim of exemption. (Doc. 272.) In that order, the Court found that, because of the procedural defects in filing his claim, Mr. Pierce is time-barred and has waived his right to make any claim of exemption with respect to the property held by the Armed Forces Bank. However, the Court noted that Plaintiffs failed to provide any statute or case law that show that claims of exemption to governmental-benefits funds that fall under 38 U.S.C. § 5301(a) or California Code of Civil Procedure § 483.013 can be waived. Consequently, the Court gave Mr. Pierce the opportunity to identify specific funds in his Armed Forces Bank account that are governmental benefits exempt under the aforementioned statutes, and show that claims of exemption to those funds cannot be waived. Plaintiffs were also given the opportunity to respond.

Mr. Pierce filed a timely supplemental response to the Court's October 11, 2012 Order.[1] In the response, Mr. Pierce argues that the various military-benefits funds are exempt under 38 U.S.C. § 5301(a), California Code of Civil Procedure § 483.013 and § 704.110, and *In re Dalaimo*, 88 B.R. 268 (Bankr. S.D. Cal. 1988). (Pierce Resp. 1:18–26.) No legal analysis or additional explanation is provided. Also, Mr. Pierce fails to lay out how much is currently in his Armed Forces Bank account, and what portion of that are benefits in his brief. Rather, Mr. Pierce attaches almost a dozen pages of bank records that span from July 2012 to September 2012 without much explanation. (*See* Pierce Decl. ¶¶ 4–10; Pierce Decl. Exs. 1–3.) Three months of records is also hardly a complete picture of how Mr. Pierce used his Armed Forces Bank account. Though Mr. Pierce vehemently denies that he commingled his governmental benefits with any other funds in his Armed Forces Bank account, he concedes that at one point there were deposits—albeit old deposits—into this account that were not governmental benefits. (Pierce Decl. ¶ 9.)

In sum, Mr. Pierce fails to show that any of the funds in his Armed Forces Bank account should be exempt from collection. *See Tinsley v. Bauer*, 125 Cal. App. 2d 724, 734 (1954) (judgment creditor should not suffer because of the fact that assets on which it is entitled to levy and assets which husband can claim as exempt are so commingled that the husband cannot demonstrate exactly how much is exempt from levy).

**IT IS SO ORDERED.**

DATED: October 26, 2012

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM V. GALLO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

---

[1] To date, Plaintiffs have not responded.