# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISH NETWORK L.L.C., *et al.*, | Case No. 09-cv-1553-L(WVG) |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS'** |
| v. | **MOTIONS IN OPPOSITION TO JUDGMENT DEBTOR DANIAL** |
| SONICVIEW USA, INC., *et al.*, | **PIERCE'S CLAIMS OF EXEMPTION [DOCS. 330, 331]** |
| Defendants. | |

On May 31, 2012, the Court granted Plaintiffs Dish Network L.L.C., Echostar Technologies L.L.C., and Nagrastar L.L.C.'s motion for summary judgment. (Doc. 181.) An order entering judgment against Defendants Sonicview USA, Inc., Roberto Sanz, Danial Pierce, and Alan Phu ("Sonicview Defendants") in the amount of $64,980,200, and against Defendants Duane Bernard and Courtney Bernard in the amount of $984,800 jointly and severally followed. (Doc. 182.) Plaintiffs are currently attempting to enforce and collect on the judgment against Mr. Pierce, including levying funds in his account with Ameriprise.

On March 22, 2013, copies of the Notice of Levy, Writ of Execution, Exemptions from the Enforcement of Judgments, and Current Dollar Amounts of the Exemptions from the Enforcement of Judgments with respect to Ameriprise were served on Mr. Pierce. (Doc. 319.) Thereafter, on April 2, 2013, Mr. Pierce filed a Claim of Exemption with Ameriprise and copied

the levying officer with respect to "the entire amount of money on deposit with [Ameriprise] in his IRA account." (Doc. 330-3, Ex.1 at 2–3.) Defendant claimed California-law exemptions under California Code of Civil Procedure § 704.115. (*Id.*) To support his claim, Mr. Pierce alleged that "tax-qualified IRA(s) are exempt from execution by judgment creditors, such as Plaintiffs in the above-entitled action." (*Id.*) Plaintiffs now move to oppose that claim of exemption. (Doc. 330.) Mr. Pierce opposes Plaintiffs' motion. (Doc. 343.)

On March 28, 2013, copies of the Notice of Levy, Writ of Execution, Exemptions from the Enforcement of Judgments, and Current Dollar Amounts of the Exemptions from the Enforcement of Judgments with respect to US Bank were served on Mr. Pierce's wife, S. Pierce. (Doc. 331-3, Ex. 2 at 5.) Thereafter, on April 2, 2013, Mr. and Mrs. Pierce filed a Claim of Exemption with US Bank and copied the levying officer with respect to "the entire amount of money on deposit with [US Bank] in her separate property account." (Doc. 331-3, Ex.1 at 2–3.) Defendant claimed exemption on the ground that Mrs. Pierce's account is separate property. (*Id.*) Plaintiffs now move to oppose that claim of exemption. (Doc. 331.) Mr. Pierce filed a combined opposition to Plaintiffs' motion with his opposition to Plaintiffs' previous motion. (Doc. 343.) However, the opposition makes no reference to the US Bank deposits or the claim of exemption to Mrs. Pierce's funds on deposit there. (*See id.*)

The Court found these motions suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). (Doc. 342.) For the following reasons, the Court **GRANTS** Plaintiffs' motions. (Docs. 330, 331.)

I.  ANALYSIS

    A.  **California Law Governs Procedure on Execution.**

Federal Rule of Civil Procedure 69(a)(1) states that:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1).

This Court is located in California. Therefore, Federal Rule of Civil Procedure 69(a)(1) mandates that the procedure on execution accord with California procedure. *See id.* Defendant provides no reasoning or law to support his contention that "Mr. Pierce believes that Arizona law, rather than California law, governs the determination of his Claim of Exemption." (Def.'s Opp'n 3:5–8.)

In sum, California law governs the procedure on execution. *See* Fed. R. Civ. P. 69(a)(1).

**B.  Defendant's Claim of Exemption to the Ameriprise Accounts Lacks the Required Sworn Financial Statement.**

Under California law, assets held in private retirement plans are fully exempt from execution, both before and after distribution to the judgment debtor. Individual retirement accounts (IRA's), however, are exempt only to the extent "necessary to provide for the support of the judgment debtor when the judgment debtor retires and for the support of the spouse and dependents of the judgment debtor, taking into account all resources that are likely to be available for the support of the judgment debtor when the judgment debtor retires."

*McMullen v. Haycock*, 147 Cal. App. 4th 753, 755-56 (2007) (citations and footnote omitted).

(a) If property is claimed as exempt pursuant to a provision exempting property to the extent necessary for the support of the judgment debtor and the spouse and dependents of the judgment debtor, the claim of exemption shall include a financial statement.

(b) The financial statement shall include all of the following information:

(1) The name of the spouse of the judgment debtor.

(2) The name, age, and relationship of all persons dependent upon the judgment debtor or the spouse of the judgment debtor for support.

(3) All sources and the amounts of earnings and other income of the judgment debtor and the spouse and dependents of the judgment debtor.

(4) A list of the assets of the judgment debtor and the spouse and dependents of the judgment debtor and the value of such assets.

(5) All outstanding obligations of the judgment debtor and the spouse and dependents of the judgment debtor.

(c) The financial statement shall be executed under oath by the judgment debtor and, unless the spouses are living separate and apart, by the spouse of the judgment debtor.

Cal. Civ. Proc. Code § 703.530. Because a claim of exemption made under California Code of

1 | Civil Procedure § 704.115(e) is "claimed as exempt pursuant to a provision exempting property
2 | to the extent necessary for the support of the judgment debtor and the spouse and dependents of
3 | the judgment debtor," such a claim falls within the requirements of California Code of Civil
4 | Procedure § 703.530. *See* Cal. Civ. Proc. Code § 703.530.

Defendant's claim of exemption does not contain a financial statement as per California Code of Civil Procedure § 703.530(a) with the information required by § 703.530(b), namely: (1) the name of the spouse of the judgment debtor; (2) the name, age, and relationship of all persons dependent upon the judgment debtor or the spouse of the judgment debtor for support; (3) all sources and the amounts of earnings and other income of the judgment debtor and the spouse and dependents of the judgment debtor; (4) a list of the assets of the judgment debtor and the spouse and dependents of the judgment debtor and the value of such assets; (5) all outstanding obligations of the judgment debtor and the spouse and dependents of the judgment debtor. (*See* Doc. 330-3, Ex. 1 at 2–3.) Furthermore, Defendant's claim of exemption is not executed under oath by the judgment debtor and the spouse of the judgment debtor as required by § 703.530(c).

Defendant cites to California Code of Civil Procedure §§ 703.030(b) and 704.210 in support of the contention that "regardless of any purported deficiencies in the Claim of Exemption which was submitted by Mr. Pierce and his counsel, it does not matter because the retirement accounts at Ameriprise were exempt without even filing a claim." (Doc. 343 at 2:17–19.) However, Defendant is in error. Section 703.030(b) provides that, "[e]xcept as otherwise specifically provided by statute, property that is described in this chapter or in any other statute as exempt without making a claim is not subject to any procedure for enforcement of a money judgment." Cal. Civ. Proc. Code § 703.030(b). And § 704.210 provides that, "[p]roperty that is not subject to enforcement of a money judgment is exempt without making a claim." Cal. Civ. Proc. Code § 704.210.

//
//
//

1    Nowhere does either statute indicate that exemptions claimed under § 704.115(e) are
2 exempt without making a claim, or that the property exempt under § 704.115(e) is not subject to
3 a money judgment. The statute outlining the relevant exemption uses the word "exempt"; it does
4 not describe that the property in question as exempt without making a claim or not subject to a
5 money judgment. *See* Cal. Civ. Proc. Code § 704.115(e). California Code of Civil Procedure §
6 703.030(a) provides that "[a]n exemption for property that is described in this chapter or in any
7 other statute as exempt may be claimed within the time and in the manner prescribed in the
8 applicable enforcement procedure." Cal. Civ. Proc. Code § 703.030(a). That procedure as it
9 pertains to a financial statement is laid out in California Code of Civil Procedure § 703.530.

In sum, Defendant's claim of exemption does not contain the required financial statement and is procedurally defective. *See* Cal. Civ. Proc. Code § 703.530. Therefore, the Court **GRANTS** Plaintiffs' motion in opposition to the claim of exemption. (Doc. 330.)

### C. Defendant Fails to Oppose Plaintiffs' Motion with Respect to Mrs. Pierce's Deposits with US Bank.

Mr. Pierce filed a combined opposition to Plaintiffs' motion with his opposition to Plaintiffs' previous motion relating to the Ameriprise accounts. (Doc. 343.) However, the opposition makes no reference to Mrs. Pierce's US Bank deposits or the claim of exemption to the funds on deposit there. (*Id.*) Civil Local Rule 7.1(f.3.c) provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of that motion or other ruling by the court." Therefore, Defendant's failure to oppose the Plaintiffs' second motion constitutes consent to granting it. Accordingly, the Court **GRANTS** Plaintiffs' unopposed motion as to Mrs. Pierce's deposits with US Bank will be granted as unopposed. (Doc. 331.)

//
//
//
//

5

09cv1553

## II. CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS** Plaintiffs' motions in opposition to Mr. Pierce's claims of exemption. (Docs. 330, 331.)

**IT IS SO ORDERED.**

DATED: August 20, 2013

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM V. GALLO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL